# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,** | CASE NO. 1:19-CV-0247 AWI SKO |
| **Plaintiff** | |
| v. | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS** |
| **RAYMOND SLOCUM, an individual d/b/a Mountain Property Service, et al.,** | (Doc. No. 14, 15) |
| **Defendants** | |

This is an insurance dispute that arises between Plaintiff Atain Specialty Insurance Co. ("Atain") and its insureds, Defendants Raymond Slocum and Matthew Marvin both doing business as Mountain Property Services (collectively "MPS"). MPS is being sued in state court by co-defendant Adrian Porter (who is a minor). Atain seeks a declaration under 28 U.S.C. § 2201 that it owes no duty defend and no duty to indemnity MPS against Porter's claims. Currently before the Court are Rule 12(b)(6) and 12(c) motions by Porter and a Rule 12(b)(6) motion by MPS. For the reasons that follow, the motions will be denied without prejudice.

## **FACTUAL BACKGROUND**

From the Complaint, Porter's family rented a cabin at Shaver Lake, California for a weekend getaway. Prior to the family's arrival at the cabin, the owners of the cabin hired MPS to perform tree cutting services and to clear away brush at the cabin. After the family's arrival, on July 1, 2017, Porter fell into a smoldering pile of debris on the cabin's premises that had been left

by MPS. Porter sustained injuries from falling into the debris, and Porter's family sued MPS in state court (hereinafter the "State Case").

The State Case alleges in part that MPS "was negligent in the use and/or maintenance of the property by creating a condition that was an unreasonable risk of harm (i.e. having the burn pile unattended); and (2) MPS "knew or, through the exercise of reasonable care, should have known about the dangerous condition that the burn pile created [and] failed to repair this condition, protect patrons against harm from this burn pile or give adequate warning of the dangers of a smoldering burn pile." From these allegations, Porter seeks several million dollars in damages under theories of general negligence and premises liability (including sub-counts for negligence and failure to warn).

After MPS was served with the State Case complaint, it tendered its defense to Atain. Atain had issued a commercial general liability policy to MPS that was in effect from August 2016 to August 2017 ("the Policy").

On May 4, 2018, Atain accepted MPS's tender under a reservation of rights. The reservation of rights explains that Atain has concerns over its obligations to defend and indemnify based on the definition of the term "occurrence" (which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions"), an exclusion for bodily injuries "arising out of" "all controlled burns and fire mitigation operations," application of the classification limitation endorsement (which provides coverage only for specifically identified classifications/activities), application of an exclusion regarding contractual liability, and application of a $500 deductible. See Complaint Ex. 3.

On February 20, 2019, Atain filed this action for declaratory relief. Atain contends that the State Case complaint does not allege the potential for coverage under the Policy, while MPS and Porter contend that the State Case complaint alleges both potential and actual coverage. The Complaint alleges that there is no duty to defend and no duty to indemnify because: (1) the state complaint does not allege an "occurrence," (2) the Classification Limitation applies to preclude coverage, and (3) the exclusion for designated ongoing operations (which appears to refer to bodily injury arising out of controlled burns and fire mitigation efforts) applies.

2

**LEGAL FRAMEWORK**

*Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

*Rule 12(c)*

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R.

1  Civ. Pro. 12(c). Because the motions are functionally identical, the same standard of review

2  applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler

3  Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). The non-moving party's allegations are

4  accepted as true, and all reasonable inferences are drawn in the non-moving party's favor. Hines

5  v. Youseff, 914 F.3d 1218, 1227 (9th Cir. 2019); Living Designs, Inc. v. E.I. DuPont de Nemours

6  & Co., 431 F.3d 353, 360 (9th Cir. 2005). Any allegations made by the moving party that have

7  been denied or contradicted are assumed to be false. See MacDonald v. Grace Church Seattle, 457

8  F.3d 1079, 1081 (9th Cir. 2006); Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542,

9  1550 (9th Cir. 1989).

10

11  **DEFENDANTS' MOTION**

12  *Defendants' Argument*

13  Defendants collectively argue that the Court should either decline to exercise jurisdiction

14  or stay this matter for several reasons. First, the state action involves no federal issues or

15  principles, so a declaration would only address state issues. Second, this case would require the

16  Court to delve into the state actions' legal issues, when those legal issues will otherwise be

17  resolved by the state court. This includes interpreting regulatory provisions (primarily fire

18  regulations), examining the factual circumstances giving rise to the underlying action, and

19  interpreting the regulations in relation to the facts. More specifically, Porter explains: "The

20  nature of the work being performed, the presence of any warning devices, the presence of a

21  required person to monitor the pile until it was extinguished are all issues central to the underlying

22  state action. Of necessity, whether defendant MPS was operating a 'controlled burn and fire

23  mitigation operation' will be the subject of evidence presented in the state court action." Doc. No.

24  14 at 7:22-25. Third, the issues that will be resolved in the state action will moot the issues raised

25  by Atain in this case. Thus, judicial economy favors dismissal of this case. Fourth, the

26  reservation of rights issued by Atain eliminates the need for this proceeding. If there is a defense

27  verdict, there is no need to indemnify and the cost of defense can be litigated later. If there is a

28  plaintiff's verdict, Atain can refile its § 2201 action, but will have the benefit of factual and legal

4

disputes that were resolved by the state action.  Fifth, as recognized by *Zurich Ins. Co. v. Alvarez*, 669 F.Supp. 307 (C.D. Cal. 1987) and *State Farm and Casualty Co. v. McIntosh*, 837 F.Supp. 315 (N.D. Cal. 1993), entertaining Atain's action could adversely interfere with Porter's ability to settle and pursue his claims and upset the balance of any settlement negotiations.  Sixth, this case will not resolve the issue of MPS's liability to Porter, which means that the parties will have to engage in piecemeal litigation.  Seventh, the action is Atain's improper attempt at forum shopping, procedural fencing, and benefitting from res judicata.  For these reasons, the Court should either dismiss this case or stay this case pursuant to *Landis v. North Am. Co.*, 299 U.S. 248 (1936).

Additionally, Porter argues that the dispute against him is not ripe.  Atain is attempting to do in this Court what it unsuccessfully attempted in *Atain Specialty Ins. Co. v. Sanchez*, 2018 U.S. Dist. LEXIS 71041 (M.D. Fla. Apr. 27, 2018) by seeking a declaration against both the insured and the individual who had brought a lawsuit against the insured.  The *Sanchez* court found that the matter was not ripe and dismissed the declaratory judgment action.  This Court should follow *Sanchez*.

*Plaintiff's Opposition*

Atain argues that, contrary to Defendants' arguments, there are no factual or legal issues that would be adjudicated in this suit that would impact the state action because the duty to defend is determined simply by comparing the allegations in the complaint to the terms of the Policy. Further, this declaratory action will provide clarity for all parties by determining with certainty whether there is a duty to defend.  If there is no duty, all will know that there will be no indemnity from Atain for any damages that may awarded in the state action.  Courts recognize that insureds and insurers have a mutual interest in the speedy resolution of a duty to defend lawsuit.  Atain argues that reliance on the *McIntosh* case is misplaced because the declaratory relief and the underlying action in that case involved a common question of fact as to whether an act was "willfully" committed.  There are no such common questions of fact in this case, rather, the only question is whether the allegations are sufficient to show a potential for coverage.  A declaration on the duty to defend, based on the allegations in the complaint, will decide the controversy. Thus, there are no dangers of inconsistent factual holdings between this case and the state action,

5

there will be no needless determinations of state law or duplicative litigation, there will be no dangers regarding collateral estoppel, and there will be no piecemeal litigation. Atain states that it is not seeking to adjudicate whether it has a duty to indemnify in the state action, "[r]ather it is seeking an adjudication that it does not have a duty to defend MPS due to the facts alleged in the complaint not alleging the potential for coverage for a duty to defend to exist." Doc. No. 17 at 8:15-17. Therefore, there is no basis to either dismiss or stay this action.

With respect to Porter's arguments, Atain argues that *Sanchez* is not applicable. In *Sanchez*, a declaration regarding the duty to indemnify was sought. Here, however, Atain states that it is not seeking a declaration regarding the duty to indemnify, rather it seeks only a declaration regarding the duty to defend. Doc. No. 16 at 6:24-7:1. Also, Porter is properly named as a party because he is a potential creditor under Cal. Ins. Code § 11580(b)(2).

*Legal Standard*

Pursuant to the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party" in a declaratory judgment action. 28 U.S.C. § 2201(a); R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011). Two issues arise from this statute: whether the case is an actual case or controversy within the court's jurisdiction, and if so, whether the court should exercise that jurisdiction over the matter. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005); American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994).

With respect to the first issue, the case or controversy requirement is identical to Article III's case or controversy requirement. Robinson, 394 F.3d at 669; Kearns, 15 F.3d at 143. "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." Robinson, 394 F.3d at 669; see Kearns, 15 F.3d at 143.

With respect to the second issue, because of the Declaratory Judgment Act's permissive language, district courts have discretion to decline to exercise jurisdiction over the controversy, even though subject matter jurisdiction is otherwise present, and dismiss a declaratory judgment action. See R.R. St., 656 F.3d at 975; Huth v. Hartford Ins. Co., 298 F.3d 800, 802 (9th Cir. 2002). The discretion to decline to hear a declaratory action is not unfettered. Government

6

Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). In determining whether a declaratory judgment action is appropriate, "a district court is to consider a variety of factors, including whether retaining jurisdiction would: (1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1107 (9th Cir. 2011) (citing Dizol, 133 F.3d at 1225 & n.5). The first three factors, known as the *Brillhart* factors,[1] are "the philosophic touchstone for the district court." Dizol, 133 F.3d at 1225. Further, "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire action should be hear in state court." American Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999); Dizol, 133 F.3d at 1225. "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically." Dizol, 133 F.3d at 1225.

*Discussion*

1. Ripeness[2]

Porter's motion to dismiss raises the issue of ripeness and is raised through citation to and reliance on *Atain Specialty Ins. Co. v. Sanchez*. *Sanchez* held in part that declaratory relief regarding the issue of indemnity was not ripe because there was no judgment against Atain. See Sanchez, 2018 U.S. Dist. LEXIS 71041 at *4-*7. In this case, Atain expressly states in its opposition that it seeks only a declaration regarding its duty to defend, not its duty to indemnify. See Doc. No. 16 at 6:24-7:1; Doc. No. 17 at 8:15-17. However, Atain's argument in opposition is directly contrary to its Complaint. The second cause of action is entitled "Declaratory Relief – No Duty to Indemnify." Complaint at p.7. The second cause of action alleges that "the Policy does

---

[1] The *Brillhart* factors are derived from *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

[2] There appears to be no dispute that Atain's allegations of diversity jurisdiction are sufficient to invoke the Court's subjection matter jurisdiction.

7

not afford indemnity coverage for any potential judgment that may be rendered against MPS in the Underlying Action or for any settlement that may result in connection with the Underlying Action." Complaint ¶ 30.

The Court will take Atain's opposition to be an express abandonment of the request that the Court issue a declaration regarding Atain's duty to indemnify MPS in the State Case. Due to Atain's abandonment of the second cause of action, the Court will strike paragraphs 29, 30, 31, and 32, as well as paragraph 2 under the Complaint's prayer for relief. Atain's abandonment renders these paragraphs immaterial.[3] See Fed. R. Civ. P. 12(f) (court may strike *inter alia* "immaterial" matter from a complaint); Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (defining "immaterial matter" under Rule 12(f) as matter that "has no essential or important relationship to the claims for relief or the defenses being pleaded.").

Otherwise, there is no genuine dispute that there is a case or controversy regarding Atain's duty to defend MPS in the state action. *Sanchez* did not find a ripeness problem with respect to the dispute over the duty to defend, and Porter does not explain how there may be a ripeness problem with the duty to defend in this case. Moreover, the Ninth Circuit has held that the ripeness requirement is met as to the duty to defend, as well as the duty to indemnify, when there is on-going state court litigation, even if that state court litigation has not reached a judgment. See Kearns, 15 F.3d at 144; Aetna Cas. and Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992). Therefore, given the pendency of the State Case, the Court concludes that Atain's first cause of action is ripe.[4]

    2.        Exercise of Jurisdiction

As indicated above, courts are guided by eight factors in deciding whether to exercise jurisdiction over a declaratory judgment action. See Herron, 634 F.3d at 1107. The Court will examine each factor separately.

---

[3] The Court notes that, under California law, if there is no duty to defend, there is no duty to indemnify as a matter of law. See Delgado v. Interinsurance Exchange of Auto. Club, 47 Cal.4th 302, 308 n.1 (2009).

[4] Additionally, Porter seems to complain that he is a party to this lawsuit even though he is not a signatory to the Policy. However, "injured third parties are proper defendants in an insurer's action for declaratory relief to determine the scope of coverage under its policy." State Farm Mutual Ins. Co. v. Crane, 217 Cal.App.3d 1127, 1135 (1990).

|   |   |
|---|---|
| 1 | a.     Needless Determination of State Law Issues |

This factor generally focuses on disputes concerning unsettled or novel issues of state law, as opposed to factual disputes. See Allstate Ins. Co. v. Davis, 430 F.Supp.2d 1112, 1120 (D. Haw. 2006). However, even if there is "no great need" for the resolution of open state law question, the resolution of generally settled state law issues may be sufficient to justify dismissal. See Huth, 298 F.3d at 804.

In this case, the clear issue of state law that the Court will have to resolve is whether Atain has a duty to defend MPS. Under California law, "[a]n insurer owes a broad duty to defend against claims that create a potential for indemnity under the insurance policy," even "where the evidence suggests, but does not conclusively establish, that the loss is not covered." Hartford Cas. Ins. Co. v. Swift Distribution, Inc., 59 Cal.4th 277, 287 (2014). "If any facts stated or fairly inferable in the [third-party] complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage." Id. The duty to defend arises once the insured tenders a claim for defense under a policy. See Montrose Chemical Corp. v. Superior Ct., 6 Cal.4th 287, 295 (1993). In a declaratory action regarding the duty to defend, "the insured must prove the existence of a *potential for coverage*, while the insurer must establish *the absence of any such potential*." Hartford, 59 Cal.4th at 288 (emphasis in original); Montrose, 6 Cal.4th at 259. These standards are well established and by themselves do not represent novel or unsettled areas of state law. Further, Atain is not a party to the Porter action, and it does not appear that the duty to defend issue is pending in state court. Instead, only tort issues and factual disputes between Porter and MPS appear to be pending.

The parties argue that if the Court exercises jurisdiction, it will have to resolve questions concerning state burning and fire prevention regulations and then apply those regulations to the facts of this case. However, this description of the Defendants' arguments more or less covers their explanation of issues the Court would have to resolve. Defendants do not actually identify a specific regulation or a specific issue, nor do they explain why resolution of a *precise* state law issue would need to occur in the course of determining whether there is the potential for coverage.

The briefing of the parties suggests that the central question in this case is whether the exclusion for "controlled burns and fire mitigation" applies to defeat a duty to defend. However, the plain text of that exclusion does not incorporate any state regulations or state that it is to be defined exclusively in relation to a particular regulation. At this time at least, the Court's task appears to be relatively straightforward: comparing the facts alleged in Porter's complaint with the relevant Policy terms/exclusion. Defendants do not adequately explain why that comparison requires the Court to unnecessarily resolve any state law issues.

Defendants' arguments are too general and lack the necessary specificity for the Court to conclude that there are any significant legal issues that the Court would unnecessarily have to resolve. Therefore, resolving the question of whether there is a potential for coverage in this case will not result in a substantial risk that issues of state law will be needlessly decided. Cf. Krieger, 181 F.3d at 1119 (holding that there was no danger of needlessly determining state law issues because *inter alia* the state court action centered on liability issues why the declaratory action centered on coverage issues).

### b. Forum Shopping

In insurance coverage disputes, "forum shopping" refers to an insurer "filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." Krieger, 181 F.3d at 1119; see also Scottsdale Indem. Co. v. Yamada, 2019 U.S. Dist. LEXIS 4963, *9 (E.D. Cal. Jan. 9, 2019). Here, Atain is not a party to the State Case, and the Court is not aware of Atain pursuing any matter in the State Case. Therefore, this case does involve improper forum shopping.

### c. Duplicative Litigation

*Dizol* indicates that this consideration is concerned about "proceedings involving the same issues and parties" pending in a state court and a federal court. Dizol, 133 F.3d at 1225. Here, because Atain is not a party to the State Case, the State Case and this case do not involve the same parties. Further, since the duty to defend is not at issue in the State Case, the same issues do not appear to be involved. Thus, there is no apparent danger of duplicative litigation.

The Defendants' contrary arguments are essentially the same as their arguments regarding

the needless resolution of state law issues. Defendants argue that disputes regarding the nature of the slash pile, state fire regulations, and application of regulations to the facts of this case are issues pending in both cases. However, Defendants again do not actually explain why this is so. Simply stating that general issues (which have not been specifically defined) are pending in both courts is insufficient. Moreover, because the determination of whether there is a potential for coverage is determined by examining the allegations in Porter's complaint with the Policy, and it is unknown why the state court would engage in such an analysis, no shared legal or factual disputes are apparent between this matter and the State Case.

Again, without the specific identification of shared issues that are pending in this case and the State Case, the Court concludes that there is no danger of duplicative litigation.

### d. Resolve All Aspects of the Controversy

As things currently stand, the only controversy reflected in the Complaint is the duty of Atain to defend MPS. Resolution of that question will end the current controversy. It is true that this action will not address MPS's liability to Porter, that will only occur in state court. However, neither will the State Case resolve the issue of the duty to defend. Further, the dispute between Porter and MPS is not the subject of this suit, rather the controversy and dispute in this case is a contractual one primarily between MPS and Atain.

### e. Clarifying the Legal Relations at Issue

Retaining jurisdiction will clarify legal relations between the parties. A determination of the duty to defend will resolve the legal relationship between MPS and Atain. No open questions regarding who will foot the cost of MPS's defense will remain. Further, if the Court were to determine that Atain owes no duty to defend, then all parties would know that Atain also would owe no duty to indemnify MPS. See Delgado v. Interinsurance Exchange of Auto. Club, 47 Cal.4th 302, 308 n.1 (2009).

### f. Unjust Res Judicata Advantage

Resolution of the duty to defend entails a comparison of the State Case complaint with the Policy in order to determine potential coverage. Potential coverage is not an issue in the State Case. Without a clearer explanation from Defendants as to which issues the Court needs to

1 resolve in order to determine potential coverage, and how that specific issue is part of the State
2 Case, the Court cannot conclude that any res judicata effects would occur.

        g.      Entangling Federal and State Court Systems

The parties do not explain how this action constitutes an improper entanglement of the federal and California systems. Considering that federal courts often entertain declaratory actions between insurers and insureds, the Court cannot find that any improper entanglement would occur.

        h.      Jeopardize the Convenience of the Parties

The parties do not address this consideration. At this time, because the dispute between the parties centers around a comparison between the allegations in the State Case complaint with the terms of Policy, relatively little inconvenience is apparent. Because of the nature of the legal dispute, it seems that the dispute can be resolved through cross-motions, possibly without the need for discovery.

        i.      Conclusion

Defendants have not adequately identified what specific issues this Court would need to resolve in order to determine the duty to defend, or explained why those specific issues are either also pending in the State Case or could have some kind of unfair res judicata effect. At this time, the Court concludes that this is a duty to defend case that does not share common issues with the State Case such that dismissal would be appropriate. Therefore, the Court will exercise jurisdiction over this matter.

    3.      Possibility of Staying Proceeding

Defendants request as a possible alternative to dismissal that the Court issue a *Landis* stay. However, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), not *Landis*, provides the applicable standard for a federal court to determine whether to stay its case until the resolution of a parallel state court case. See Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320, 1328 (11t h Cir. 2004); Stand Up for Cal.! v. United States D.O.I., 328 F.Supp.3d 10xx, 1073 (E.D. Cal. 2018). Therefore, no *Landis* stay will issue in this case.

    4.      Second Motion

Defendants' briefing indicates that they believe that there are shared issues between this

case and the State Case, and that unnecessary determinations of state law and duplicative ligation will occur if the Court retains jurisdiction. However, Defendants' motions painted in broad strokes without adequately identifying specific shared issues between the cases, especially in light of the nature of the determination of the duty to defend. Because of this briefing failure, the Court will deny the motion to dismiss without prejudice. If Defendants believe that they can articulate the specific issues that are present in both cases that would need to be resolved (or necessarily would be resolved) as part of the duty to defend analysis/framework, then Defendants may file a second motion to dismiss.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Paragraphs 29, 30, 31, and 32 of the Complaint, as well as Paragraph 2 under the Complaint's Prayer for Relief, are STRICKEN;
2. Defendants' respective motions to dismiss (Doc. Nos. 14, 15) are DENIED;
3. Within twenty-one (21) days of service of this document, Defendants shall either file a second motion to dismiss or an answer;
4. If Defendants elect to file an answer, then the parties shall thereafter contact the Magistrate Judge for purposes of setting a scheduling conference.[5]

IT IS SO ORDERED.

Dated:   July 8, 2019

_____
SENIOR DISTRICT JUDGE

---

[5] If the parties all agree that this case may be resolved on the basis of cross-motions, and without the need for discovery, they may file a joint notice of intent to file cross-motions with the Court. The joint notice will relieve the parties of the obligation to participate in a scheduling conference. Upon receipt of the notice, the Court would set a briefing schedule.